No. 42 January 28, 2026 697

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RYAN TED NEWMAN, JR.,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

Psychiatric Security Review Board
223042;
A183937

Submitted October 16, 2025.

Harris S. Matarazzo filed the brief for petitioner.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In 2022, petitioner was found guilty except for insanity of second-degree murder and guilty of attempted second-degree murder. For the former, he was placed under the jurisdiction of the Psychiatric Security Review Board (the board) for a period of up to life, and, for the latter, he was sentenced to 180 months in Oregon Department of Corrections (ODOC) custody. Petitioner now seeks judicial review of a final order of the board that concludes that he remains subject to the board's jurisdiction but can be adequately controlled and treated in the community, specifically in the custody of ODOC, and conditionally releasing him pursuant to ORS 161.341(1). Petitioner does not challenge the board's conclusion that he remains subject to its jurisdiction. He contends, however, that the board's determination that he can be adequately controlled and treated in ODOC custody is not supported by substantial evidence. As explained below, we affirm.

Under ORS 183.482(8)(c), and given petitioner's assignment of error, we review the board's order for substantial evidence. "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." *Id.* In reviewing for substantial evidence, "our task is not to make our own findings but rather to determine whether, viewing all the evidence in the record, the board could reasonably make the findings that it did." *Knotts v. PSRB*, 250 Or App 448, 455, 280 P3d 1030 (2012).

Petitioner challenges the board's finding that he "can be controlled with proper care, medication, supervision and treatment if conditionally released," ORS 161.341(1), contending that the conditional release plan that the board submitted is, as petitioner terms it, "a plan to make a plan," and therefore is not a "verified conditional release plan," that satisfies ORS 161.341(1).

Although petitioner implicitly takes issue with the board's construction of ORS 161.341(1), he does not propose any particular meaning for the phrase "verified conditional release plan"; he simply contends that the document that the

board submitted in this case does not qualify because, in his view, it lacks sufficient detail. Further, although petitioner notes the existence of an administrative rule describing the required showing, OAR 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, he does not challenge the board's interpretation of the rule or contend, in any developed way, that it is inconsistent with the statute.

We reject petitioner's arguments. Whatever the legislature intended by the term "verified conditional release plan," petitioner has not shown that the plan submitted here did not qualify. The document was a plan insofar as it addressed where petitioner would live (in a DOC facility); who would supervise him; and that he would receive treatment, notwithstanding that the details of the treatment he would receive were to be determined after he was evaluated at DOC. Petitioner does not explain why a plan for conditional release requires more detail in order to be "verified" within the meaning of ORS 161.341(1).

To the extent that petitioner also argues that the record did not allow a finding that he can be adequately controlled and treated in ODOC custody, we disagree. Although the board was not required to credit the testimony to that effect, the record, viewed as a whole, permitted that finding.

Affirmed.